UNITED STATES
**SECURITIES AND EXCHANGE COMMISSION**
NORTHEAST REGIONAL OFFICE
3 WORLD FINANCIAL CENTER
NEW YORK, NY 10281-1022

WRITER'S DIRECT DIAL LINE
VALERIE A. SZCZEPANIK
TELEPHONE: (212) 336-0175
FACSIMILE: (212) 336-1317

December 6, 2007

**VIA ELECTRONIC FILING**
**COURTESY COPY VIA FEDERAL EXPRESS**

The Honorable Gerard E. Lynch
United States District Judge
United States District Court
500 Pearl Street, Room 910
New York, NY 10007

Re:    SEC v. Gad and Rosenblatt; 07-CV-8385(GEL)

Dear Judge Lynch:

Plaintiff Securities and Exchange Commission respectfully submits this letter to respond to Defendant Nathan Rosenblatt's Reply Memorandum of Law in Support of his Motion to Dismiss, filed yesterday in the above-captioned matter. In his Reply, Rosenblatt raises, for the first time in connection with his pending Motion to Dismiss, the argument that the Commission has not alleged an "intent to benefit" on the part of Rosenblatt when he tipped Defendant Morris Gad with material, non-public information concerning NBTY's negative financial results. Because Rosenblatt did not raise this argument in joining Gad's Motion to Dismiss, the Commission did not specifically address the argument in its Opposition.[1]

As stated in the Commission's Opposition, the elements to state a claim for insider trading are set forth in SEC v. Warde, 151 F.3d 42, 47 (2d Cir. 1998). Warde specifically addresses the requirement that a tipper benefit by the disclosure to a tippee: "[T]he SEC need not show that the tipper expected or received a specific or tangible benefit in exchange for the tip. ... Rather, the 'benefit' element of § 10(b) is satisfied when the tipper 'intends to benefit the ... recipient' or 'makes a gift of confidential information to a trading relative or friend.'" Warde, 151 F.3d at 48 (quoting Dirks v. SEC, 463 U.S. 646, 664 (1983)). Under this standard, the Commission's allegations plainly are sufficient. (See, e.g., Compl. ¶¶ 1, 16, 32, 35, 40.) The close friendship alleged between Rosenblatt and Gad suggests that Rosenblatt's tip was "intended to benefit" Gad, and therefore would permit a jury finding that Rosenblatt's tip breached a duty under § 10(b). See Warde, 151 F.3d at 49.

---

[1] Gad first filed a Motion to Dismiss, which Rosenblatt joined. The Commission and Gad have agreed to adjourn the time for Gad's Reply until January 28, 2008, in order for the Commission to review a proposed settlement with Gad. (See Dkt. # 11.)

Hon. Gerard E. Lynch
December 6, 2007
Page 2

     Should the Court wish, the Commission is pleased to provide additional briefing on this issue.

Respectfully submitted,

Valerie A. Szczepanik
Senior Trial Counsel

cc:    Jeffrey R. Zuckerman, Esq., counsel for Defendant Gad (via facsimile)
        Thomas Fitzpatrick, Esq., counsel for Defendant Rosenblatt (via facsimile)