UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
:
SECURITIES AND EXCHANGE         :
COMMISSION,                     :
                                :
                                :
                Plaintiff,      :
                                :          07 Civ. 8385 (GEL)
   -against-                    :
                                :          **OPINION AND ORDER**
MORRIS GAD and NATHAN ROSENBLATT,:
                                :
                Defendants.     :
                                :
------------------------------------------------------------x

Valerie A. Szczepanik, Audry Weintrob, Securities and Exchange Commission, New York Regional Office, New York, New York, for plaintiff.

Jeffrey R. Zuckerman, Andrew C. Smith, Pillsbury Winthrop Shaw Pitman LLP, New York, New York, for defendant Morris Gad.

Thomas Fitzpatrick, Esq., New York, New York, for defendant Nathan Rosenblatt.

GERARD E. LYNCH, District Judge:

      The Securities and Exchange Commission ("SEC") brings this action against defendants Morris Gad and Nathan Rosenblatt. The complaint charges that Rosenblatt, a director and member of the audit committee of NBTY, Inc. ("NBTY"), disclosed material non-public information to his friend Gad, and that Gad, knowing or recklessly disregarding that Rosenblatt owed a duty to NBTY to keep the information confidential, traded NBTY securities on that information. Rosenblatt moves to dismiss the complaint,[1] contending that it fails to allege with

---

[1] The motion and supporting brief were actually filed in the first instance by Gad. Rosenblatt joined the motion, without filing a separate brief. After the SEC filed its opposition,

particularity what material information was disclosed, and that whatever information was disclosed was immaterial as a matter of law. The motion will be denied.

## BACKGROUND

The complaint specifically alleges the following facts, which must be taken as true for purposes of this motion. See ATSI Commc'ns, Inc. v. Shaar Fund, Ltd., 493 F.3d 87, 98 (2d Cir. 2007). Rosenblatt received NBTY's third quarter financial results on July 20, 2004, two days before their scheduled release to the public after the close of the market on July 22. The results showed a 12% decline in net income from the previous year's third quarter, and earnings per share well below the previous year's third-quarter figure and even farther below Wall Street's expectations for 2004. (Compl. ¶¶ 1-2.)

On July 21, Rosenblatt and Gad spoke several times by telephone. During these conversations, Rosenblatt, "in breach of his fiduciary duty to NBTY, conveyed, in words or in substance, the material, nonpublic information about NBTY's 2004 third quarter financial results" to Gad. (Id. ¶ 32.) Within minutes of the last call, Gad called his broker and instituted transactions that, over the next two days, resulted in selling his entire position of nearly 14,000 shares of NBTY, selling short a further 40,000 shares, purchasing 200 NBTY put contracts, and selling 105 call contracts from his children's accounts. (Id. ¶¶ 3-4.) In effect, Gad's actions amounted to a very large bet that NBTY's stock would decline very soon.

---

Gad reached a tentative settlement with the SEC's lawyers, and suspended his briefing of the motion pending final approval of the settlement. Rosenblatt, however, filed a reply brief. Rosenblatt's motion is thus fully briefed and ripe for decision.

The bet paid off.  NBTY announced after the market's close on July 22 the very results that Rosenblatt had tipped to Gad.  The next day, NBTY's share price dropped by 20%.  (Id. ¶ 5.)  Gad's avoided losses and trading profits totaled $400,000.  (Id. ¶ 6.)

## DISCUSSION

Rosenblatt argues that the complaint fails to specify exactly what he told Gad.  See Fed. R. Civ. P. 9(b) (requiring that "a party must state with particularity the circumstances constituting fraud").  The particulars are important, according to Rosenblatt, because public announcements in the weeks prior to July 20 would have alerted reasonable investors that all was not well at NBTY.  Presumably, therefore, to constitute material information, any non-public data disclosed to Gad would have to be more specific and/or more negative than what was already known to the public.  Thus, the argument from lack of particularity blends with Rosenblatt's additional argument that any information he could have given to Gad was not material.

These arguments are without merit.  First, the complaint is crystal clear as to what Rosenblatt conveyed to Gad.  It alleges that by the afternoon of July 20, Rosenblatt possessed "the actual financial results for the third quarter of 2004," plainly confidential information. (Compl. ¶ 29.)  It then alleges that in a series of telephone conversations on July 21, at times identified to the minute (id. ¶¶ 30-31), Rosenblatt conveyed to Gad "the material, nonpublic information about NBTY's 2004 third quarter financial results" (id. ¶ 32).  The referent of "*the*

material, nonpublic information" could not be clearer: the complaint alleges that Rosenblatt told Gad the actual third quarter results, which of course the public did not know.[2]

Rosenblatt's argument that the information was not material is no more persuasive. Materiality is ordinarily a question of fact, not susceptible to resolution on the pleadings. See In re Twinlab Corp. Secs. Litig., 103 F. Supp. 2d 193, 201 (E.D.N.Y. 2000) ("Because materiality is generally a question of fact, it is unlikely that a cause of action turning on materiality would be dismissed as a matter of law."). The complaint alleges that the information was material (id. ¶ 32), and that allegation is, to say the very least, "plausible on its face." Bell Atlantic v. Twombly, 127 S. Ct. 1955, 1974 (2007). There is no dispute that the actual third quarter results were not known to the public before the close of the market on July 22. The Second Circuit has repeatedly found such earnings reports material. See, e.g., Ganino v. Citizens Utils. Co., 228 F.3d 154, 164 (2d Cir. 2000); SEC v. Texas Gulf Sulphur, 401 F.2d 833, 849 (2d Cir. 1968) (en banc). Moreover, the complaint alleges that the price of NBTY stock dropped by 20% the day after the earnings figures prematurely tipped to Gad became public. (Compl. ¶ 5.) This is powerful evidence of the materiality of the earnings information.

---

[2] Rosenblatt's argument that the complaint is "unclear and confusing about when and how" the information was conveyed (D. Mem. 11) is also meritless. The SEC is not required to identify which telephone call or other contact between Gad and Rosenblatt on July 21 was the fatal one. Indeed, the SEC could not know precisely when the information was conveyed, as both Rosenblatt and Gad, the only people who know exactly what was said and exactly when, invoked the Fifth Amendment privilege against self-incrimination and refused to testify. (Compl. ¶ 7.) The complaint is more than adequately specific. Cf. SEC v. Alexander, 160 F. Supp. 2d 642, 653 (S.D.N.Y. 2001) (allegation of timing of tips adequate despite failure to identify exact dates or means of communication); SEC v. Franco, 253 F. Supp. 2d 720, 724, 732 (S.D.N.Y. 2003) (allegation of tips "between June 18 and June 24" by unspecified means adequate).

Rosenblatt's effort to argue immateriality by noting press reports of trouble at NBTY in June and July 2004, and pointing out that July 23 was a bad day for the stock market in general (D. Mem. 18-21; D. Reply Mem. 2), is inappropriate at this stage of the proceeding. These are factual arguments that might, when fully aired at trial, persuade a factfinder. It is at least "plausible," however, that a factfinder would infer that the actual numbers were materially worse than the generalized reports of adversity already in the public domain, particularly given that NBTY stock declined by 20% upon the release of those numbers, while the Dow dropped by only 1% on that day. (P. Mem. 19.) Nothing more is required at this stage.

Finally, for the first time in his reply brief, Rosenblatt argues that the complaint fails to allege that he intended to benefit from providing the tip. (D. Reply Mem. 4-8.) This argument is incorrect. As the Second Circuit ruled in SEC v. Warde, 151 F.3d 42 (2d Cir. 1998), "the SEC need not show that the tipper expected or received a specific or tangible benefit in exchange for the tip. Rather, the 'benefit' element of § 10(b) is satisfied when the tipper 'intend[s] to benefit the . . . recipient' or 'makes a gift of confidential information to a trading relative or friend.'" Id. at 48 (citation omitted) (omission in original), quoting Dirks v. SEC, 463 U.S. 646, 664 (1983). The complaint alleges that Rosenblatt acted "for his own direct and indirect benefit" (Compl. ¶ 32), and alleges specific facts (a "close friend[ship]" between Gad and Rosenblatt, id. ¶¶ 1, 16, 32) adequate to support this conclusion.

## CONCLUSION

For the foregoing reasons, Rosenblatt's motion to dismiss the complaint is denied.

SO ORDERED.

Dated: New York, New York
       December 14, 2007

*[signature]*

GERARD E. LYNCH
United States District Judge