UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

SECURITIES AND EXCHANGE COMMISSION,

                Plaintiff,

- against -

MORRIS GAD and NATHAN ROSENBLATT,

                Defendants.

07-CV-8385 (GEL)
**ELECTRONIC FILING**

---

### ANSWER

Defendant Nathan Rosenblatt ("Rosenblatt"), by his attorney, Thomas Fitzpatrick, as and for his answer to the complaint, alleges as follows:

### ANSWERING THE "SUMMARY" ALLEGATIONS

1. The allegation that "The Commission charges Defendants with illegal insider trading in the securities of NBTY, Inc. ("NBTY"), a distributor of nutritional supplements" is a statement of position to which no response is required. In the event a response to this allegation is required, Rosenblatt denies same, except admits that NBTY is a distributor of nutritional supplements. Rosenblatt otherwise denies the allegations of Paragraph 1 of the complaint.

2. Rosenblatt denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 2 of the complaint, except admits that NBTY's financial results for its third quarter of 2004 were scheduled to be released to the public

after the close of the market on July 22, 2004, states that the results speak for themselves, and further states that there is some evidence that the results were faxed to Rosenblatt's office on July 20, 2004.

3. Rosenblatt denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 3 of the complaint, except admits that Rosenblatt's cell phone records reflect three calls were placed from Rosenblatt's cell phone to Gad on July 21, 2004.

4. Rosenblatt denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 4 of the complaint.

5. Rosenblatt denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 5 of the complaint, except admits that NBTY caused its financial results for the 2004 third quarter to be released after the market closed, and states that the closing price of NBTY stock on July 23, 2004 is a matter of public record.

6. Rosenblatt denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 6 of the complaint.

7. Rosenblatt denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 7 of the complaint, except denies that he declined to testify during the Commission's investigation into this matter and admits that he invoked his Fifth Amendment privilege against self-incrimination in response to certain questions posed by the Commission.

8. Rosenblatt denies the allegations of Paragraph 8 of the complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding Gad.

## ANSWERING THE "JURISDICTION AND VENUE" ALLEGATIONS

9-11   Rosenblatt avers that the allegations in Paragraphs 9, 10 and 11 of the complaint are legal contentions to which no response is required.

12.   Rosenblatt denies the allegations of paragraph 12 of the complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding Gad.

13.   Rosenblatt denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 13 of the complaint.

14.   Rosenblatt denies the allegations of Paragraph 14 of the complaint.

15.   Rosenblatt avers that the allegations in Paragraph 15 of the complaint are legal contentions to which no response is required.

## ANSWERING THE "DEFENDANTS" ALLEGATIONS

16.   Rosenblatt denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 16 of the complaint, except admits that Gad lives near Rosenblatt and that they were friends in the past, and denies that Gad and Rosenblatt *are* good friends, speak to and see each other frequently, and vacation together with their families.

17.   Rosenblatt denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 17 of the complaint, except states that he is 51 years old, and admits that he resides in Great Neck, New York and that he is the president and chief executive officer of Ashland Maintenance Corp., a commercial maintenance organization located in Long Island City, New York.

## ANSWERING THE "RELEVANT ENTITY" ALLEGATIONS

18. Rosenblatt denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 18 of the complaint, except admits that NBTY is a Delaware corporation headquartered in Bohemia, New York, that it develops, markets and distributes nutritional supplements worldwide under several brand names, including Rexall, that its common stock is traded on the New York Stock Exchange, and that stock options in NBTY are traded on the Philadelphia Stock Exchange.

## ANSWERING THE "FACTS" ALLEGATIONS

19. Rosenblatt denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 19, except admits that NBTY's third quarter closed on June 30, 2004.

20. Rosenblatt denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 20, but states that there is some evidence that the draft financial results for NBTY's 2004 third quarter were faxed to Rosenblatt's office on July 20, 2004.

21. Rosenblatt denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 21, but states that there is some evidence that the draft financial results for NBTY's 2004 third quarter were faxed to Rosenblatt's office on July 20, 2004.

22. Rosenblatt denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 22, except states that NBTY's financial results speak for themselves.

23. Rosenblatt denies the allegations of paragraph 23, but states that the NBTY Audit Committee held a telephone conference at approximately 11:00 a.m. on July 21, 2004.

24. Rosenblatt admits the allegations of paragraph 24.

25. Rosenblatt denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 25, except states that the closing price of NBTY stock on July 22, 2004 and July 23, 2004 is a matter of public record.

### ANSWERING THE "ILLEGAL CONDUCT" ALLEGATIONS

26. Rosenblatt admits the allegations of paragraph 26 of the complaint.

27. Rosenblatt denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 27 of the complaint, except admits that he was familiar with NBTY's insider trading policies and complied with them.

28. Rosenblatt denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 28 of the complaint

29. Rosenblatt denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 29 of the complaint, except states that there is some evidence that the NBTY's 2004 third quarter financial results were faxed to Rosenblatt's office on July 20, 2004.

30. Rosenblatt denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 30 of the complaint, except admits that Rosenblatt's cell phone records reflect three phone calls placed to Gad between 9:37 AM and 9:59AM on July 21, 2004, and that the 9:59 AM call is billed as three minutes.

31. Rosenblatt denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 31 of the complaint, except admits that, at approximately 11:00 AM on July 21, 2004, the audit committee held a telephonic conference and denies that the audit committee approved the issuance of the financial results in the form of the press release previously circulated.

32. Rosenblatt denies the allegations of Paragraph 32 of the complaint.

33. Rosenblatt denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 33 of the complaint.

34. Rosenblatt denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 34 of the complaint.

35. Rosenblatt denies the allegations of paragraph 35 of the complaint, except admits that both he and Gad attended a dinner party/birthday celebration during the evening of July 21, 2004.

36. Rosenblatt denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 36 of the complaint.

37. Rosenblatt denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 37 of the complaint.

38. Rosenblatt admits the allegations of paragraph 38 of the complaint.

39. Rosenblatt denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 39 of the complaint, except states that the closing price of NBTY stock on July 23, 2004 is a matter of public record.

40-44. Rosenblatt denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 40-44 of the complaint.

## ANSWERING THE "CLAIM FOR RELIEF" ALLEGATIONS

45. Rosenblatt repeats his answers to paragraphs 1 through 44 of the complaint as if fully set forth herein.

46-47. Rosenblatt denies the allegations contained in paragraphs 46-47 of the complaint.

## FIRST AFFIRMATIVE DEFENSE

48. The complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

49. At the time of the alleged conduct, Rosenblatt and Gad shared a fiduciary relationship based on their co-directorships of the North Shore Hebrew Academy and a friendship. Rosenblatt would have expected any material nonpublic information he may have inadvertently disclosed to Gad about NBTY to be treated confidentially and not as a gift of trading information, and Gad knew or should have known that Rosenblatt expected him to maintain confidentiality.

## THIRD AFFIRMATIVE DEFENSE

50. Rosenblatt lacked the scienter necessary for insider trading liability.

## FOURTH AFFIRMATIVE DEFENSE

51. Any information Rosenblatt may have disclosed to Gad was immaterial.

## FIFTH AFFIRMATIVE DEFENSE

52. Any information Rosenblatt may have disclosed to Gad was already public.

## SIXTH AFFIRMATIVE DEFENSE

53. Any disclosure of information Rosenblatt may have made to Gad was inadvertent.

## SEVENTH AFFIRMATIVE DEFENSE

54. Rosenblatt did not breach a fiduciary duty to NBTY because, if he disclosed any information to Gad about NBTY, he did not do so with "intent to benefit" nor did he actually benefit from such disclosure.

## EIGHTH AFFIRMATIVE DEFENSE

55. On information and belief, Gad's trades in July 2004 were consistent with prior trading he had done in NBTY stock and were not the result of inside information.

## DEMAND FOR JURY TRIAL

56. Rosenblatt demands a jury trial.

Dated:  New York, New York
        January 14, 2008

*[signature]*
Thomas Fitzpatrick (TF/2840)
500 Fifth Avenue
New York, NY   10110
(212) 930-1290

*Attorney for Defendant Nathan Rosenblatt*