*Lynch, J*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/25/08

------------------------------------------------------------x

SECURITIES AND EXCHANGE COMMISSION,          :
                                             :
                Plaintiff,                   :
                                             :
        - against-                           :        07-CV-8385 (GEL)
                                             :
MORRIS GAD AND NATHAN ROSENBLATT,            :
                                             :
                Defendants.                  :

------------------------------------------------------------x

## CONFIDENTIALITY STIPULATION AND PROTECTIVE ORDER

WHEREAS, Defendant Nathan Rosenblatt ("Defendant") has requested, or will request, access to and/or copies of certain documents and/or information from Plaintiff in the above-captioned action;

WHEREAS, certain of the information being sought in discovery is of a confidential nature in that it contains non-public financial information, including bank and brokerage account statements, of individuals and entities other than the Defendant;

WHEREAS, the Parties have entered into this Confidentiality Stipulation and Protective Order ("Stipulation and Order");

IT IS HEREBY STIPULATED and agreed, by and between the undersigned counsel for the Parties to the above-captioned action, that:

**Definitions**

1.      As used in this Stipulation and Order:

        a.  The term "Court" means the United States District Court for the Southern District of New York.

        b.  The term "Litigation" means the above-captioned action.

        c.  The term "Party" or "Parties" means Plaintiff and Defendant.

d.    The term "Litigation Material" means any information, material or documents (as described in Fed. R. Civ. P. 33, 34 and 36) disclosed during the course of the Litigation by Plaintiff including information disclosed:

(i) during discovery or at any hearing;

(ii) in any pleading, document, affidavit, brief, memorandum, motion, transcript or other writing;

(iii) in testimony given at any deposition, hearing or trial; and

(iv) in any copies, notes, abstracts or summaries of such information.

e.    The term "Confidential Material" means any Litigation Material containing any non-public financial information, including bank and brokerage account statements, of individuals and entities other than the Defendant.

**Treatment by Defendant of Confidential Material**

2.    Subject to the terms set forth herein, all Confidential Material shall be used by the Defendant only for the purposes of preparing for and conducting the Litigation, any applicable proceedings in connection with the Litigation, and any appellate proceedings in connection with the Litigation. Except pursuant to order of the Court, upon good cause shown, or written stipulation of the Parties, Confidential Material shall not be given, shown, made available, or communicated in any way by the Defendant to any persons except those described in paragraph 3 of this Stipulation and Order.

**Disclosure by Defendant of Confidential Material**

3.    Confidential Material shall be maintained in confidence by the Defendant and shall not be disclosed or made available to any other person, other than the Plaintiff, except:

a.    Counsel to the Parties and any persons, including but not limited to permanent, temporary and/or contract personnel, requested by counsel to furnish secretarial, clerical, paralegal or legal services, or services of document collection,

document review, translation, photocopying, document coding, image scanning, exhibit preparation, or the creation of any computer database from documents containing Confidential Material;

b. Any independent expert, jury consultant, or similar person who has been consulted for the purpose of being retained, or who has been retained by counsel to provide assistance, expert advice, technical consultation or testimony in the Litigation, and the employees of such experts, consultants or similar persons when working in connection with the Litigation under the direct supervision of said persons, subject to the provisions of paragraph 4 of this Stipulation and Order; and

c. Deponents or witnesses in preparation for and during their examinations, who counsel believes in good faith have a need to review such material.

4.    Confidential Material may be disclosed by the Defendant to those persons identified in paragraphs 3(b) and (c), provided that the person to whom disclosure is to be made (a) has been shown a copy of this Stipulation and Order, (b) has been advised that the information is Confidential Material; (c) has been informed that the person is to be bound by the Stipulation and Order and that an unauthorized disclosure of Confidential Material may constitute a contempt of this Court; and (d) has executed a Declaration and Acknowledgement in the form attached as Exhibit A to this Stipulation and Order before being given such access. Signed undertakings shall be retained in the files of Defendant's counsel. Such signed undertakings shall not be discoverable in this Litigation without order of Court. However, such signed undertakings may, upon a showing of good cause and order of the Court, be required to be disclosed by Defendant to Plaintiff in connection with enforcement of this Stipulation and Order.

5.    If counsel for the Defendant determines to file or submit to any court any Confidential Material, such Confidential Material shall be labeled plainly on the first page of

any document "Confidential – Filed Under Seal" and shall be filed under seal and kept under seal until further order of this Court.

6.      Confidential Material may be copied or reproduced by the Defendant only to the extent reasonably necessary for the conduct of this Litigation. All such copies or reproductions thereof shall be subject to the terms of this Stipulation and Order.

7.      Nothing in this Stipulation and Order shall prevent Plaintiff from disclosing Confidential Material to any person as it deems appropriate, and any such disclosure shall not be deemed a waiver of any Party's rights or obligations under this Stipulation and Order.

**Use of Confidentially Designated Material at Evidentiary Hearings or Trial**

8.      This Stipulation and Order does not govern the treatment of Confidential Material at evidentiary hearings or trial, which issue the Court shall address at the appropriate time in the future. The Parties reserve all of their respective rights to argue at some future date whether or not the provisions of this Stipulation and Order should apply to the use of such material at trial.

**Subpoena Seeking Production of Confidentially Designated Material**

9.      If the Defendant or its counsel receives a subpoena from any non-party seeking the production or disclosure of Confidential Material, such counsel will immediately, and, where possible, no later than ten (10) business days prior to the return date of the subpoena, notify the Plaintiff of the subpoena. In no event shall production or disclosure occur before notice is given. If there is no motion to quash or modify the subpoena prior to its return date, and the Plaintiff has been given the required notice, the Defendant may produce Confidential Material that is responsive to the subpoena without violating the terms of this Stipulation and Order.

**Return or Destruction by Defendant of Confidentially Designated Material**

10.    Within sixty (60) days after the conclusion of the Litigation and any appeals thereof, all documents, materials or other information that is Confidential Material, and all copies thereof, shall be returned to Plaintiff or destroyed and the Defendant shall notify the Plaintiff promptly that they have returned or destroyed all such Confidential Material; provided, however, that Defendant may retain copies of: pleadings, briefs, and papers filed with the Court that contain or constitute such materials; transcripts and exhibits; and documents reflecting attorney work-product; so long as such materials are maintained in accordance with the provisions hereof.

**Waiver or Modification**

11.    Nothing contained in this Stipulation and Order and no action taken pursuant to it shall be deemed, interpreted, construed or asserted to waive any objections to the alleged relevancy, or admissibility of any document, testimony or other evidence at any proceeding in the Litigation.

12.    Nothing in this Stipulation and Order shall prevent any Party or other person from seeking modification of this Stipulation and Order or additional protection for particular documents. The Parties may modify the provisions of this Stipulation and Order at any time by stipulation and order approved by the Court. Nothing contained in this Stipulation and Order shall preclude a Party from moving for a further protective order with respect to particular documents or information on the ground that this Stipulation and Order does not provide adequate protection.

13.    Nothing in this Stipulation and Order shall constitute: (a) any agreement by the Parties to produce any documents or supply any information or testimony in discovery not otherwise agreed upon or required by court order or the Federal Rules of Civil Procedure; (b) a waiver by any person or Party of any right to object to or seek a further protective order with

respect to any discovery request in this or any other action; or (c) a waiver of any claim of immunity or privilege with regard to any testimony, documents or information.

**Inadvertent Disclosure**

14.    In the event of the Defendant's inadvertent disclosure of any Confidential Material to any person not authorized for access to such material under the terms of this Stipulation and Order, the Defendant shall immediately inform counsel for the Plaintiff of all information concerning the nature and circumstances of the disclosure. The Defendant shall also promptly take all reasonable measures to ensure the return of all inadvertently disclosed material, and any copies, notes or other work product reflecting the contents of those materials, and that no further or greater unauthorized disclosure of such information or materials is made by anyone.

**Violation of this Stipulation and Order**

15.    In the event anyone violates or threatens to violate the terms of this Stipulation and Order, the Plaintiff may immediately apply to obtain injunctive relief against any such person violating or threatening to violate any of the terms of this Stipulation and Order, and such other relief as is appropriate, including monetary damages. This Court shall retain jurisdiction for the purpose of enforcing this Stipulation and Order. If Confidential Material is disclosed in violation of this Stipulation and Order, the Party who caused, permitted or was otherwise responsible for the disclosure shall immediately inform the Plaintiff of all pertinent facts relating to the disclosure, and shall make every effort to prevent any further disclosure, including any disclosure by any person who received any Confidential Material in violation of this Stipulation and Order.

16.    Notice under this Stipulation and Order shall be deemed to have been effectively given on the date it is transmitted by facsimile or electronic mail to the undersigned counsel.

17.    This Stipulation and Order shall continue to be binding throughout the Litigation, including any appeals, and shall survive the Litigation, subject to any further order of the Court.

18.    This Stipulation and Order may be executed in counterparts.

Dated: New York, NY
       March 20, 2008

*Audry Weintrob*

Audry Weintrob
SECURITIES AND EXCHANGE COMMISSION
New York Regional Office
3 World Financial Center, Room 400
New York, New York 10281-1022
Ph: (212) 336-0184
Fx: (212) 336-1317
weintroba@sec.gov
*Attorney for Plaintiff*

Dated: New York, NY
       March 19, 2008

*Thomas Fitzpatrick*

Thomas Fitzpatrick
500 Fifth Avenue – 93rd Floor
New York, New York  10110-3398
Ph: (212) 930-1290
Fx: (212) 730-9690
tfitzpatrick1@gmail.com
*Attorney for Defendant Nathan Rosenblatt*

SO ORDERED, this 25th day of _____ March _____, 2008

United States District Judge